IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CLAYTON HARLEY NELSON,**

       **Petitioner,**

vs.	Case No. 3:03cv457/RV/EMT

**MONICA WETZEL, Warden,**

       **Respondent.**
_____/

## ORDER

This matter is before the court on a petition for writ of habeas corpus filed under Title 28, United States Code, Section 2241 (Doc. 1).

### I.	BACKGROUND

On December 15, 1993, Petitioner was arrested on state charges after law enforcement officials searched his home in Escambia County, Florida, and found twenty-eight (28) packages of heroin, as well as drug paraphernalia.  On March 11, 1994, while Petitioner was out on bond on the state charges, law enforcement officers searched another residence of the Petitioner's and found additional heroin, as well as 1 pound of marijuana.  On April 26, 1994, while in state custody, Petitioner was indicted in this federal case for conspiracy to possess with intent to distribute heroin.  Petitioner was produced for an initial appearance in federal court on a writ for prosecution on August 16, 1994, for an initial appearance, at which time the court entered an order of temporary detention.

On September 8, 1994, Petitioner was sentenced in the state court to forty-eight (48) months of incarceration for the charge of Possession of Marijuana with Intent to Sell.  At this time, he still remained subject to the federal writ and in the

Case No.: 3:03cv457/RV/EMT

custody of the United States Marshals Service until disposition of the federal charges.

Petitioner pled guilty to the federal conspiracy charge and was sentenced by me on January 19, 1995, to 180 months of incarceration, to be followed by a three-year term of supervised release.  After his federal sentencing, Petitioner was returned to state custody.  He received state credit for his time served.  Eventually, on May 21, 1997, Petitioner completed his state sentence and was designated to FCI Marianna for service of his federal sentence.  Because my original sentence did not state that Petitioner's sentence was to run concurrent with Petitioner's undischarged state sentence, the Bureau of Prisons ("BOP") did not credit the Petitioner for time served and he began his federal sentence on May 21, 1997.

On December 21, 1998, in response to correspondence by Petitioner, I wrote a letter to the Inmate Systems Manager of the Federal Bureau of Prisons clarifying Petitioner's sentence as follows:

> It was my intent that Nelson's sentence at least start when I sentenced him on January 19, 1995, and that it be concurrent with the state sentence.  I request that you adjust your records to allow the defendant credit for the state sentence for time served and adjust his official commitment date.

Upon receipt of my letter, the BOP recalculated Petitioner's federal sentence as commencing on the date it was imposed - - - January 19, 1995.  Furthermore, the BOP awarded the Petitioner 181 days prior custody credit for the time period Petitioner spent in state custody from his second arrest through the imposition of his state sentence - - - March 11, 1994 to September 7, 1994.  However, the BOP refused to give Petitioner credit for the one hundred thirty-one (131) day period between this state sentencing on September 8, 1995, and the imposition of his federal sentence on January 19, 1995.  Petitioner sought relief through administrative channels of the BOP.  In response, the BOP denied Petitioner's

requested relief, informing him that he has been awarded all of the credit to which he is entitled in accordance with Title 18, United States Code, Section 3585(b)(2) and BOP Program Statement 5880.28. Respondent argues that Petitioner's administrative remedies have been exhausted.

## II.   STANDARD OF REVIEW

Acting through the Bureau of Prisons, the Attorney General initially possesses the exclusive authority to compute sentence credit awards after sentencing. Rodriguez v. Lamar, 60 F.3d 745, 746 (11th Cir. 1995). Once a petitioner has exhausted his administrative remedies within the BOP, the District Court now may review the constitutionality of the Bureau's decision and its statutory construction. Id. The Court's analysis, however, is deferential: if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "must give effect to the unambiguously expressed intent of Congress."  If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Id.*, (citing Chevron USA Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-844, 104 S. Ct. 2778, 81 L. Ed.2d 694 (1984)).

## III.   ANALYSIS

Petitioner contends he is entitled to relief based on two grounds. First, he contends the 131-day period he spent at the Escambia County Jail after imposition of his state sentence and before imposition of his federal sentence was "official detention." Thus, he says that he is entitled to sentence credit pursuant to Section 3585(b). Second, Petitioner argues that under the authority of the Sentencing Guidelines, I granted  sentence credit for the period of incarceration between imposition of Petitioner's state and federal sentences, and that I clearly expressed

an intent to do so in a letter to the BOP dated December 21, 1998. Each of these arguments will be addressed in turn.

A.     Section 3585(a) & BOP Statement

The BOP argues that pursuant to the clear language of Title 18, United States Code, Section 3585(b), Petitioner is not entitled to the requested relief. Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

(emphasis added.).

The BOP has interpreted this statute in Program Statement 5880.28 as meaning that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." See Program Statement 5880.28, Ch. I, sect. 3.b. Based on this language, the BOP contends that Petitioner could not receive credit for the time period between the imposition of his state sentence and his federal sentence because he has received credit for that time against his state sentence.

After a defendant is sentenced, it falls to the BOP, not the district court, to determine when a sentence is deemed to "commence." 18 U.S.C. § 3585(a). Also, as the Supreme Court has held, the BOP determines whether the defendant should receive credit for time spent in custody before the sentence "commenced" in accordance with section 3585(b). See United States v. Wilson, 503 U.S. 329,

112 S. Ct. 1351, 117 L. Ed.2d 593 (1992) (BOP determines credit issues, not the district courts). In fact, the federal courts do not have the authority under Section 3585 to order the BOP to credit a prisoner with state time served. United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997).

The 131-day period in question was credited against the petitioner's state sentence. Since Section 3585(b) expressly precludes the BOP from granting credit for time "credited against another sentence," the BOP is not unreasonably applying the statute to the Petitioner's case. See Rios v. Wiley, 201 F.3d 257, 276 (3d Cir. 2000); United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991); Bailes v. Booker, 125 F.3d 861, 1997 WL 634099 (10th Cir. Oct. 10, 1997) (Table, Text in Westlaw). Further, I note that the Petitioner was sentenced in state court on the marijuana charge, while he was sentenced in federal court on the heroin conspiracy charge. They are separate offenses involving different controlled substances.

    B.    Sentencing Guideline

The petitioner also argues that even if Section 3585 did not grant the BOP authority to award the Petitioner credit on his federal sentence for time spent serving his state sentence, the BOP should have awarded him the requested credit in order to effectuate my intent at sentencing. The Petitioner relies on two cases from the Third Circuit, Rios v. Wiley, 210 F.3d 257 (3d Cir. 2000) and United States v. Dorsey, 166 F.3d 558 (3d Cir. 1999) for the proposition that the sentencing guidelines confer upon the sentencing court discretion to award retroactive credit on a federal sentence for time spent serving a concurrent state sentence. Thus, Petitioner argues that the BOP must award him retroactive credit in order to effectuate my intent when sentencing Petitioner.

Even if the Petitioner is correct that the sentencing guidelines grant the sentencing court discretion to impose the requested credit, Petitioner has incorrectly characterized my intent. The standard in 1994 through 1995, as it is

now, was that "concurrent" meant not earlier than the time of the actual sentencing, which in this case was January 19, 1995.  It was my intent to sentence petitioner to a "concurrent" term, running from the date of the imposition of the federal sentence and in accordance with BOP procedure.

In my letter to the BOP explaining that Petitioner's sentence should run concurrent to his state sentence, I acknowledged that Petitioner's federal sentence should start "when I sentenced him on January 19, 1995 . . . "   The BOP effectuated this intent by recalculating Petitioner's sentence as commencing on the date it was imposed, although he was serving his state sentence at the time.  My intent in imposing a concurrent sentence was to give the Petitioner the benefit of a concurrent sentence on and after the date of sentencing.  That's what he has received.  Therefore, Petitioner has received all of the credit on his federal sentence to which he is entitled.

## IV. CONCLUSION

For the foregoing reasons, the Petitioner's writ of habeas corpus is DENIED.

DONE and ORDERED this 31st day of May, 2005.

*/s/ Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**